Matthias, J.
Was the enactment of the ordinance in question a valid exercise of the police power of the municipality to control its streets and regulate traffic thereon? This ordinance makes it an offense for any driver or operator of a vehicle who does not have the permission of the person having the supervision of the passenger station named therein to permit his vehicle to stand upon the portion of the street described upon which such passenger sta^ tion abuts. That this ordinance works a delegation^ of power, which may, and under the facts disclosed j by this record, did, result in lack of uniformity and in discrimination, is clear and unmistakable. It con-f ers upon some person to be designated by the owner of a specified premises the power to select persons who may use and enjoy the street in that location and to exclude others therefrom, so that he may for a consideration or otherwise let that space for the puipose of a taxicab stand to certain favored individuals or companies, and, in order to make it more valuable, exclude all others from that portion of the street.
The city has ample power to control the use of the streets, and to regulate travel over the same, as well as to establish stands for omnibuses and taxicabs; but it is elementary that it cannot delegate such powers to an individual. There is no such question as taking from the owner of property the right of ingress and egress to his own premises involved here, but rather the question of conferring upon him a proprietary interest in the street, which he *226 may transfer to whomsoever he may choose, and enforcing snch right by the provisions of this ordinance. In effect this ordinance is no different than if the owner of the premises in question had been requested by council in advance of the enactment of the ordinance to designate the person or persons whom he desired to be permitted to use the street in front of his premises, and council had then enacted the ordinance, placing therein the name or names of the person or persons exempted from the operation of its provisions and prohibiting the standing of vehicles of any other person or company at that place.
This ordinance will not stand the test applied by 1 Dillon on Municipal Corporations (5 ed.), Section 244, from which we quote the following: “The principle is a plain one that the public powers or trusts devolved by law or charter upon a council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others
It is stated by 1 McQuillin on Municipal Corporations, Section 382, that “the principle is fundamental and of universal application that public powers conferred upon a municipal corporation and its officers or agents cannot be surrendered or delegated to others.” And the same author states, in volume 3, Section 1357: “It hardly seems necessary to state that an abutting owner cannot lease to another a part of the street in front of his property.”
The principle here involved seems to be of universal application and is probably most concisely stated by Cooley on Constitutional Limitations (7 ed.), page 293, as follows: “So far as its functions *227 are legislative, they rest in the discretion and judgment of the municipal body entrusted with them, and that body cannot refer the exercise of the power to the discretion and judgment of its subordinates or of any other authority.”
The effect of this ordinance is to grant a privilege or immunity to one and deny it to another of the same class. Ordinances to be valid must be general in their nature and impartial in their operation, and those which make an act penal if done by one person and not so if committed by another cannot be sustained.
Discrimination is not only permitted by the terms of this ordinance but is expressly authorized by the delegation of authority to the owner of the premises, whose ipse dixit determines the guilt or innocence of one who stops his automobile or other vehicle in front of such premises. And not only was discrimination permitted and authorized, but actually resulted, as the record discloses.

Judgment affirmed.

Marshall, O. J., Robinson, Jones and Allen, JJ., concur.
Wanamaker, J., not participating.